## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**CHARLEISA JACKSON, on
her own behalf and on behalf
of others similarly situated,**

      **Plaintiff,**

**vs.**

**GEORGIA COMMUNITY
SUPPORT AND SOLUTIONS,
INC., a Georgia Corporation,**

    _____**Defendant.**_____/

**CASE NO.:**

## COMPLAINT & DEMAND FOR JURY TRIAL
## (Collective Action Complaint)

Plaintiff, CHARLEISA JACKSON, on her own behalf and on behalf
of those similarly situated ("Plaintiff"), was an employee of Defendant,
GEORGIA COMMUNITY SUPPORT AND SOLUTIONS, INC., a Georgia
Corporation ("Defendant"), and brings this action for unpaid overtime
compensation, minimum wage, liquidated damages, declaratory relief and
other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §
216(b) (the "FLSA").

## I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1.     This action is brought under the FLSA to recover from Defendant overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

2.     This action is intended to include each and every direct care provider who worked for the Defendant at any time within the past three (3) years.

## II. PARTIES

3.     Plaintiff was a direct care provider and performed related activities for Defendants in Fulton County, Florida.

4.     Defendant, GEORGIA COMMUNITY SUPPORT AND SOLUTIONS, INC., has its headquarters in Fulton County, Georgia, and therefore venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## III. JURISDICTION

5.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6.     The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## IV. COVERAGE

7.      At all material times during the last three years (2008-2011), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8.      At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9.      At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce such as equipment, products and supplies to provide care in regards to disabilities, substance abuse, mental health and/or aging.

10.      At all material times, Defendant has had an annual gross volume of sales made or business done of not less than $500,000.

## V. FACTUAL ALLEGATIONS

11.    Defendant delivers innovative, well managed and high quality services to people and their families with needs related to disabilities, substance abuse, mental health and/or aging.

12.    Defendant employs individuals who provide all levels of support in the community to people with a variety of needs including residential support, employment services, respite care, family support, in-home care and day programs. To date, GCSS has provided support and service to over 10,000 Georgians.

13.    Defendant pays these individuals by the day.

14.    However, Defendant does not pay its direct care providers additional overtime compensation at a rate of time and a half their respective regular rate of pay for all overtime hours worked as required by law.

15.    Defendant does not keep accurate time records of all hours worked by its direct care providers pursuant to 29 C.F.R. §516.

16.    Plaintiff, CHARLEISA JACKSON, worked as a cable direct care provider for Defendant from approximately July 2009 through November 2010.

17.   Plaintiff and those similarly situated to her routinely worked in excess of forty (40) hours per week as part of their regular job duties.

18.   Virtually all of the plaintiff direct care providers work well over forty (40) hours per week.

19.   Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of time and a half their regular rate of pay for all hours worked over forty in a workweek.

20.   Also, Plaintiff and those similarly situated to her routinely worked many hours without being paid compensation by Defendant that equaled more than the amount required by minimum wage or time and a half their regular rate for hours worked over forty in a work week.

21.   Defendant did not pay Plaintiff an hourly rate of at least minimum wage or time and half, when applicable.

22.   Defendant has employed and is employing other individuals as direct care providers who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members. Currently, Defendant has over 300 employees.

## VI. COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff, and the class members, performed the same or similar job duties as one another in that they provided direct care services for Defendant's clients.

24.     Further, Plaintiff, and the class members, were subjected to the same pay provisions in that they were paid by the day and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek and minimum wage. Thus, the class members are owed overtime and minimum wages for the same reasons as Plaintiff.

25.     This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All direct care providers who worked at Defendant within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek and/or who were not compensated at least minimum wage for all hours worked in a workweek.**

26.    Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

27.    Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

28.    During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week and minimum wage.

29.    Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

30.    Defendant does not keep accurate time records of all hours worked by its direct care providers pursuant to 29 C.F.R. §516.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

31.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30 above.

32.     Plaintiff is/was entitled to be paid minimum wage for each hour worked during her employment with Defendant.

33.     Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate her for the same.  As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of her employment with Defendant.

34.     Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

35.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

36.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action,

declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

37.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

38.    Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.  During her/their employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked overtime hours but was/were not paid time and one half compensation for same.

39.    As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to her, has/have suffered damages plus incurring reasonable attorneys' fees and costs.

40.     As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, is/are entitled to liquidated damages.

41.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for:

a)      Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b)      The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate her/them;

c)      Liquidated damages;

d)      Reasonable attorneys' fees and costs incurred in this action;

e)      A declaration that Plaintiff and the Opt-in Plaintiffs were not paid proper overtime compensation at one and one-half the regular rate of pay for all overtime hours worked by them by Defendant.

f)   Pre- and post-judgment interest as provided by law;

g)   Trial by jury on all issues so triable;

h)   Any and all further relief that this Court determines to be appropriate.

Dated this 13th day of February, 2012.

Respectfully submitted by,

Deirdre M. Stephens-Johnson, Esquire
GABN 678789
The Law Office of Deirdre M.
Stephens-Johnson, LLC
4567 Rockbridge Rd #1537
Pine Lake, GA 30072
P: 404-537-3002
F: 404-537-3003
Email: dsjohnsonlaw@gmail.com